**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE HILL, #16010032,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-1187-M-BK** |
| | § | |
| **LUPE VALDEZ, Dallas County Sheriff,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. For the reasons that follow, the petition for writ of habeas corpus should be summarily dismissed.

**I. BACKGROUND**

On April 18, 2016, Petitioner, a pretrial detainee confined at the Dallas County Jail, filed a petition for writ of habeas corpus in an already-pending *pro se* civil rights case in the Fort Worth Division. *See Hill v. State of Texas*, No. 4:16-CV-035-O (N.D. Tex., May 2, 2016); Doc. 2 at 1. On May 2, 2016, District Judge Reed O'Connor severed the habeas petition and ordered it transferred it to the Dallas Division. Doc. 1. That same day, Petitioner submitted a second habeas petition (on the form for seeking relief under 28 U.S.C. § 2241). Doc. 6.

Petitioner challenges the theft and burglary charges pending against him in Dallas County. *State v. Hill*, Nos. F15-00455, F15-00732, F15-14841, and F15-00456 (Dallas Cty. Crim. Dist. Ct. No. 7). Doc. 6 at 2. He asserts that when he was arrested, he was not provided "proof of an arrest warrant signed by a judge." Doc. 6 at 6. Petitioner also claims the State lacks "political [and] subject matter jurisdiction" to prosecute him, and that the criminal actions were commenced against him without a proper affidavit by the victim alleging the essential elements

of a crime.  Doc. 6 at 7.  Petitioner requests this Court to "correct [his] wrongful imprisonment" and issue a writ of habeas corpus.  Doc. 6 at 8.

On May 17, 2016, in response to this Court's deficiency order, Petitioner filed another amended section 2241 habeas petition on the appropriate form.  Doc. 9.  He also submitted an emergency motion for expedited hearing.  Doc. 8.  Petitioner seeks immediate release, claiming his arrest was "an act of kidnapping," and that the state magistrate who conducted his arraignment hearing and set bail violated "the Texas Penal Code by tampering with . . . document[s]."  Doc. 9 at 5-6.  Specifically, he maintains the magistrate judge "did not forward the record of the hearing to the clerk of the proper court, but rather, returned them to the jailer," placing "Petitioner in a state of legal limbo."  Doc. 9 at 6.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of a habeas petition).[1]  In light of Petitioner's *pro se* status, the Court liberally construes the petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"  *See Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015)

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

(quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).[2]

 Even when Petitioner's asserted grounds for relief are liberally construed, they do not present a federal constitutional claim.  Petitioner maintains he was not provided an arrest warrant upon his arrest.  However, an arrest warrant was issued and filed in each of his criminal cases. *See State v. Hill*, Nos. F15-00732, F15-00455, F15-14841, and F15-00456, February 19, 2016 *Warrant* (Dallas Cty. Crim. Dist. Ct. No. 7), *available at* http://courtecom.dallascounty.org/pav/. Additionally, in each of his cases the grand jury returned an indictment. *Id.*  It is well established that the return of an indictment by a grand jury indicates the requisite finding of probable cause. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975) (indictment "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry"); *In re Grand Jury Subpoena Dated December 17, 1996*, 148 F.3d 487, 493 (5th Cir. 1998) ("In returning . . . an indictment a grand jury indicates that it has found probable cause to believe that a criminal offense has occurred.").  Thus, Petitioner's conclusory assertion that the State lacks jurisdiction and probable cause to prosecute him is unsupported, and thus fails as a matter of law.

 Moreover, insofar as Petitioner complains about the denial of a preliminary hearing or an examining trial, the United States Constitution does not guarantee either one before indictment. *See Siwakowski v. Beto*, 455 F.2d 915, 917 (5th Cir. 1972) (per curiam) (holding referral of case to grand jury without an examining trial was constitutionally permissible); *Richardson v. State of*

---

[2] Although Petitioner's claims appear unexhausted, *see Dickerson*, 816 F.2d at 224 (a pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief), the Court can still deny them on the merits.  *Cf.* 28 U.S.C. § 2254(b)(2) (a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*Texas*, 425 F.2d 1372, 1373 (5th Cir. 1970) (examining trial is creation of state law, denial of which presents no federal question); *see also Tarpley v. Estelle*, 703 F.2d 157, 162 (5th Cir. 1983) (under Texas law, a defendant loses his right to an examining trial upon the return of an indictment).

Petitioner's remaining ground that, *inter alia*, the state magistrate did not forward to the clerk of court the documents resulting from the arraignment hearing as required, Doc. 9 at 6, also does not rise to the level of a federal constitutional violation.  Petitioner claims only that the state magistrate violated the Texas Penal Code by document tampering, and Petitioner does not claim the violation of any right guaranteed him by the Constitution or other federal law.  *See* 28 U.S.C. § 2241(c) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

Because Petitioner has not shown that his pretrial confinement violates the United States Constitution, his federal petition should be summarily dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be summarily **DISMISSED WITH PREJUDICE**.

SIGNED May 19, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE